NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2237
_____

SEAN PATRICK BURKE; EQUINOX ADVANTAGE REAL ESTATE I, INC.;
STELLA CADENTE INVESTMENTS, LLC; EQUINOX PROPERTY
MANAGEMENT, INC.,
                                        Appellants

v.

CHIEF EDWARD BACHERT; OFFICER RICHARD PENN;
CHARLES F. ZURICK, III; OFFICER STEVEN FRITZINGER;
OFFICER MATTHEW DEVERS; OFFICER JOSE VAZQUEZ;
OFFICER ERIC TOSAD; OFFICER RICHARD KRASLEY;
BOROUGH MANAGER ERIC GRATZ; BASE ENGINEERING, INC.;
CINDY WITMAN; TIMOTHY CAMPION; GARREN KNOLL; BARRY COHEN;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:23-cv-01959)
District Judge: Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 15, 2025

Before: CHAGARES, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*.

(Filed: May 5, 2025)

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

In this 42 U.S.C. § 1983 action, Appellee police officers twice switched off Appellants' LED yard sign, purportedly fearful it would distract motorists.[1] Appellants sued, contending, *inter alia*, that officers conspired with Appellant Burke's neighbor, Appellee Zurick, to violate Appellants' Fourth Amendment rights. The District Court dismissed Appellants' claims at summary judgment, holding qualified immunity applied as it was not clearly established whether the community caretaking exception to the warrant requirement allows police to switch off distracting signs on private property. Our review is *de novo*. *Fagan v. City of Vineland*, 22 F.3d 1283, 1289 (3d Cir. 1994).

Appellants do not challenge the substance of the court's immunity analysis. Rather, relying solely on an expert report evaluating their sign's maximum intensity in footcandles of light, they contend it was "impossible" their sign was "dangerously bright" in the first place. Reply Br. 1. But the report does not address *distraction* risk, as distinct from light output, and Appellants concede the sign was malfunctioning. The report is, at best, "a scintilla of evidence" in Appellants' favor, which "is insufficient to avoid summary judgment." *Fagan*, 22 F.3d at 1295. Accordingly, because there is no genuine

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291.

2

dispute of fact that the sign was potentially distracting to motorists, and Appellants do not challenge the court's underlying immunity analysis, we will affirm the order granting summary judgment in favor of Appellees.